IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN HOLLIDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-04-1610-C |
| ) | |
| U.S. SECURITY, INC., an Oklahoma ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, U.S. Security, Inc., has requested the Court to reconsider its June 21, 2005, ruling enforcing its agreement to arbitrate. (Mot. to Reconsider, Dkt. No. 37.) As Defendant presents no new argument that would warrant reconsideration, its request for reconsideration is denied.

As an alternative to reconsideration, Defendant requests the Court to certify the appeal pursuant to 28 U.S.C. § 1292(b).[*] The burden is on Defendant to demonstrate that the order compelling arbitration (1) involves a matter of controlling law, (2) on which there is substantial ground for difference of opinion, and (3) an appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); White v. Nix, 43 F.3d 374, 376

---

[*] Defendant also asks the Court to clarify if its June 21, 2005, Order "is in the nature of a final appealable order." (Def.'s Br. at 4.) Except for purposes of issuing a judgment, determination of an order as final for purposes of appellate jurisdiction is generally made by the circuit court. See Fed. R. Civ. P. 54, 58. Notably, the Court did *not* issue a judgment pursuant to Fed. R. Civ. P. 58 because it stayed, rather than dismissed, the action. See generally, Adams v. Merrill Lynch, Pierce, Fenner & Smith, 888 F.2d 696, 698-99 (10th Cir. 1989).

(8th Cir. 1994). Interlocutory appeals should be granted sparingly and only in exceptional cases. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); White, 43 F.3d at 376. Defendant has made absolutely no attempt to demonstrate how this case meets the statutory requirements of § 1292(b) or involves "exceptional circumstances." Accordingly, Defendant's alternative request for certification under § 1292(b) is denied.

Defendant also points out that the Court's June 21, 2005, Order contains a scrivener's error on page six. (See Mem. Op. & Order, Dkt. No. 35, at 6.) The first sentence of the first paragraph on page six reads, "Agreements to agree are not generally too vague to be enforceable," but should read, "Agreements to agree are generally too vague to be enforceable." The initial inclusion of the word "not" was in error. Accordingly, the Court issues an amended opinion, with the word "not" deleted, entered nunc pro tunc.

## Conclusion

As indicated above, Defendant's Motion to Reconsider Ruling Enforcing Arbitration or, in the Alternative, to Certify for Appeal (Dkt. No. 37) is DENIED.

IT IS SO ORDERED this 4th day of August, 2005.

ROBIN J. CAUTHRON
United States District Judge